UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HIEU MINH NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>QUANG V. LUONG, et al.,<br><br>Defendants. | Case No. 18-cv-07302-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 26 |

Defendants Quang V. Luong, QTV Enterprise, LLC ("QTV"), and Vector Fabrication, Inc. ("Vector") move for judgment on the pleadings or for dismissal for lack of subject matter jurisdiction with respect to plaintiff Hieu Minh Nguyen's claim that defendants filed fraudulent tax returns in violation of 26 U.S.C. § 7434(a). Dkt. No. 26. Defendants contend that the statute does not apply to circumstances alleged in the complaint. Mr. Nguyen opposes defendants' motion. The Court finds the motion suitable for disposition without a hearing.[1]

## I. BACKGROUND

Mr. Nguyen's allegations in this action concern the parties' alleged ownership interests in Little Saigon Plaza Sacramento, LLC ("LSP"), identified as a California limited liability company.[2] Dkt. No. 1 ¶ 17. According to the complaint, at the time of LSP's formation in 2013, Mr. Nguyen owned 60% of the company and defendant Mr. Luong owned the remaining 40%. *Id.* In 2014, Mr. Nguyen says he sold 20% of his interest in LSP to a Mr. Doan Tran, leaving Messrs.

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] The ownership interest in LSP apparently is also the subject of a parallel state court dispute. Dkt. No. 1 ¶ 26; Dkt. No. 12 at ECF 49-72.

Nguyen and Luong each with 40% ownership interest in the company. *Id.* ¶ 18.

Mr. Nguyen contends that LSP filed several tax returns with the Internal Revenue Service ("IRS") that misrepresented his ownership in LSP. Specifically, the complaint alleges that Mr. Luong "caused" the filing of a 2014 federal tax return falsely showing that that defendant QTV owned 79% of LSP, with defendant Vector owning the remaining 21% of the company. *Id.* ¶ 19. Mr. Nguyen further alleges that Mr. Luong also "caused" the filing of tax returns in 2015, 2016 and 2017 that falsely showed that LSP was solely owned by QTV and Vector. *Id.* ¶¶ 21, 23, 25. Each of the tax returns at issue reportedly showed that LSP suffered business losses. *Id.* ¶¶ 19, 21, 23, 25. Mr. Nguyen alleges that, due to the alleged misrepresentation of his ownership of LSP, he was wrongfully deprived of the benefit of tax credits from LSP's business losses. *Id.* ¶¶ 20, 22, 24, 30, 36. Mr. Nguyen filed this action on December 3, 2018, charging defendants with willfully filing fraudulent tax returns.

Defendants answered the complaint on December 23, 2018. Dkt. No. 5. After receiving the parties' joint case management statement (Dkt. No. 15) in which they indicated that they "acquiesced" to federal court jurisdiction, the Court questioned whether the allegations of Mr. Nguyen's complaint stated a claim for relief under 26 U.S.C. § 7434(a) and whether the Court's subject matter jurisdiction had been properly invoked. Dkt. No. 20. At the Court's direction, the parties filed supplemental case management statements addressing this issue. Dkt. Nos. 22, 23. In their supplemental case management statement, defendants indicated an intent to file a motion challenging whether this action could be maintained. Dkt. No. 23 at 4-5.

Defendants now move for judgment in their favor on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants also move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

II. **LEGAL STANDARDS**

Although the present motion is styled, in part, as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants' motion is more properly understood as a Rule 12(c) motion for judgment on the pleadings. A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule

2

12(c) motions, like Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted, test the legal sufficiency of a claim. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Court's analysis of a Rule 12(c) motion is "substantially identical" to its analysis of a Rule 12(b)(6) motion. Under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (internal quotations and citation omitted). Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). The Court may consider materials subject to judicial notice without converting a Rule 12(c) motion into one for summary judgment. *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008).

## III. DISCUSSION

### A. Fraudulent Filing of Tax Return: 26 U.S.C. § 7434(a)

The federal statute on which Mr. Nguyen premises his claim states:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

26 U.S.C. § 7434(a). The statute affords a remedy in circumstances where one taxpayer falsely reports to the IRS that a second taxpayer has received certain payments, causing the second taxpayer to be assessed taxes not actually owed.

The remedy created by § 7434 is limited to nine types of "information return[s]" listed in 26 U.S.C. § 6724(d)(1)(A). *Id.* § 7434(f); *Cavoto v. Hayes*, 634 F.3d 921, 924 (7th Cir. 2011). If a defendant is found liable under § 7434(a), the plaintiff is entitled to the greater of $5,000, or the sum of the plaintiff's actual damages, costs of the action and, in the court's discretion, reasonable attorneys' fees. *Id.* § 7434(b).

Defendants argue that they are entitled to judgment on the pleadings because Mr. Nguyen's claim does not concern an "information return" or "payments" within the meaning of the statute.

### B. Mr. Nguyen Does Not Allege an "Information Return"

The tax returns that are the subject of Mr. Nguyen's complaint are not "information

3

returns" within the meaning of the statute.

In his supplemental case management statement, Mr. Nguyen argued that the tax returns at issue fall within the first category of "information returns" under 26 U.S.C. § 6724(d)(1)(A), covering "rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income" paid by "persons engaged in a trade or business and making payments in the course of such trade or business to another person . . . ." 26 U.S.C. § 6041(a). He did not explain how the tax credits he claims he should have been able to take constitute the payments listed in § 6041(a), or how the tax returns at issue are "information returns" under § 6041(a).

In his opposition to defendants' motion, Mr. Nguyen argues that the tax returns at issue also fall within the seventh category of "information returns" under 26 U.S.C. § 6724(d)(1)(A), which appears to concern withheld income taxes under 26 U.S.C. § 6051. Specifically, § 6051 requires "[e]very person required to deduct and withhold [certain taxes] from an employee" to provide the employee with a written statement containing certain information, including the employee's name, the total amount of wages, and the total amount withheld and deducted as tax. 26 U.S.C. § 6051(a). On its face, § 6051 applies to income taxes withheld by an employer with respect to an employee. However, Mr. Nguyen does not allege or contend that there is or was an employer-employee relationship between the parties.

Mr. Nguyen also seems to argue that the tax returns at issue fall within categories of returns listed in 26 U.S.C. § 6724(d)(1)(*B*). However, those arguments are irrelevant, as § 7434(f) states that the only pertinent "information returns" are those listed in 26 U.S.C. § 6724(d)(1)(*A*).

**C.     Mr. Nguyen Does Not Allege "Payments Purported to Be Made"**

Even assuming that the tax returns in question fell within one of the nine categories of "information returns" listed in 26 U.S.C. § 6724(d)(1)(A), the tax credits Mr. Nguyen claims he is owed do not constitute "payments purported to be made" to him under § 7434(a).

The Court is not aware of any case addressing 26 U.S.C. § 7434(a) in the context of tax credits. However, the discussion in *Liverett v. Torres Advanced Enterprise Solutions LLC*, 192 F. Supp. 3d 648 (E.D. Va. 2016), often cited as a leading case on this statute, supports defendants'

4

argument that a claim under § 7434(a) is actionable only if the "information return" at issue is false with respect to the amount paid to the plaintiff. *Id*. at 653-55; *see also Bailey v. Shell W. E&P, Inc*., No. CA 3-97-CV-0518-R, 1998 WL 185520, at *2 (N.D. Tex. Apr. 14, 1998), *aff'd*, 170 F.3d 184 (5th Cir. 1999) (observing that the statute is concerned only with whether the reported payments were actually made, and not whether the payments were properly calculated).

None of the cases Mr. Nguyen cites in support of his claim are convincing. He emphasizes that in *Greenwald v. Regency Mgmt. Servs., LLC*, — F. Supp. 3d —, No. GLR-18-227, 2019 WL 1057391 (D. Md., Mar. 5, 2019), the Maryland district court distinguished *Liverett* and held that the plaintiffs stated a claim that fell within the ambit of § 7434. However, the plaintiffs in *Greenwald* alleged that the defendant willfully *underreported* the wages *actually* paid to the plaintiffs. Similarly, in *Henry v. Synchrony Bank*, Dkt. No. 18, 3:16-5999 (S.D. W. Va., Nov. 21, 2016), the dispute at issued concerned the defendant's 1099-MISC form that allegedly *overstated* the settlement amount *actually* paid to the plaintiff. By contrast, Mr. Nguyen does not contend that the tax returns for LSP incorrectly reported payments made to him.

Mr. Nguyen also cites several cases in which the courts concluded that the plaintiff sufficiently stated a § 7434(a) claim, even though the amount of the payment apparently was accurate (or at least was not disputed). However, those cases predate *Liverett* and do not address the "payments purported to be made" language of § 7434(a). *See Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290 (S.D. Fla. 2014) (dismissing the plaintiff's § 7434(a) claim with prejudice where the plaintiff provided facts that he was an "employee," rather than an "independent contractor," but failed to allege sufficient facts demonstrating that the defendants willfully filed false information returns); *Seijo v. Casa Salsa, Inc.*, No. 12-60892-Civ., 2013 WL 6184969, at *7-8 (S.D. Fla., Nov. 25, 2013) (denying defendants' motion for summary judgment on plaintiff's § 7434(a) claim where the plaintiff presented evidence that defendant knew it was incorrectly classifying workers as independent contractors).

Other cases cited by Mr. Nguyen are inapposite in that they indisputably concerned "payments" made (or purported to be made) by the defendants to the plaintiffs. *See Gidding v.*

*Zurich Am. Ins. Co.*, No. 15-cv-01176-HSG, 2015 WL 6871990, at *5-6 (N.D. Cal., Nov. 9, 2015) (dispute concerning a $100,000 settlement check the defendant insurance company allegedly paid to the plaintiff, but reportedly sent to someone else); *Vandenheede v. Vecchio*, 541 Fed. Appx. 577 (M.D. Fla. 2013) (dispute over defendants' characterization of trust payments to the plaintiff as "nonemployee compensation.").

In sum, none of the authority on which Mr. Nguyen relies suggests that his desired tax credits constitute "payments" by defendants to Mr. Nguyen within the meaning of § 7434(a).

## IV. CONCLUSION

Because the Court finds that, taking the facts of the complaint as true, Mr. Nguyen cannot state a claim for relief under 26 U.S.C. § 7434(a), defendants are entitled to judgment on the pleadings. The action is dismissed; however, this dismissal is without prejudice to the claims or defenses Mr. Nguyen may have with respect to the pending state court action. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: May 20, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge